BILAL A. ESSAYLI
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
CAMERON C. VANDERWALL (Cal. Bar No.: 322680)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0647
     Facsimile: (213) 894-0141
     Email:    cameron.vanderwall@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**FILED**
CLERK, U.S. DISTRICT COURT

**4/14/25**

CENTRAL DISTRICT OF CALIFORNIA
BY:    MRV    DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:25-cr-00280-DSF |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT BYRON BONTY |
| v. | |
| BYRON BRET BONTY, | |
| Defendant. | |

1.    This constitutes the plea agreement between BYRON BONTY

("defendant") and the United States Attorney's Office for the Central

District of California (the "USAO") in the above-captioned case.

This agreement is limited to the USAO and cannot bind any other

federal, state, local, or foreign prosecuting, enforcement,

administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

     a.    Give up the right to indictment by a grand jury and,

at the earliest opportunity requested by the USAO and provided by the

Court, appear and plead guilty to the single-count Information in the

form attached to this agreement as Exhibit A, or a substantially similar form, which charges defendant with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

3. Defendant further agrees:

a. To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to:

i. One Springfield, model Hellcat Pro, 9 mm caliber semi-automatic pistol, bearing serial number BB179856, and any attachments thereto;

2

        ii.    100 rounds of Black Hills Ammunition 5.56x45 mm caliber ammunition;

        iii.   50 rounds of Blazer .40 caliber ammunition;

        iv.    20 rounds of Ammo Inc. 9 mm caliber ammunition loaded in a Magpul 21-round capacity 9 mm magazine;

        v.    11 rounds of Truelove & Maclean, Inc. 9 mm caliber ammunition;

        vi.   One round of Armscor USA 9 mm caliber ammunition;

        vii.   Three rounds of Speer 9 mm caliber ammunition;

        viii.  37rounds of Fiocchi Ammunition .40 caliber ammunition; and

        ix.    80 rounds of Sellier & Bellot 9 mm caliber ammunition (collectively, the "Forfeitable Property").

    b.   To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Property and to the forfeiture of the property.

    c.   To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Property, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

    d.   Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Property.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Property on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees

3

to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property. Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A) and/or requirements of the Government to commence forfeiture actions pursuant to 18 U.S.C. § 924(d)(1).

e.    Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Property.

f.    Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

g.    To prevent the transfer, sale, destruction, or loss of any and all property described above to the extent defendant has the ability to do so.

h.    To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

i.    That forfeiture of the Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

j.    That the Preliminary Order of Forfeiture shall become final as to the defendant upon entry.

k.    With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to

4

the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

l.   To the abandonment to the United States of any interest of the defendant in the following property, , seized by law enforcement on or about March 24, 2025, in Riverside County ("Seized Property"):

i.   Two black non-serialized AR-style pistols, and any attachments thereto;

ii.   Two empty AR-style magazines;

iii. 30 rounds of .223 LC caliber ammunition loaded in an AR-style magazine;

iv.  20 rounds of .223 LC caliber ammunition loaded in an AR-style magazine;

v.   One Magpul 21-round capacity 9 mm magazine;

vi.  One unloaded Springfield magazine; and

vii. One Springfield pistol case.

m.   To acknowledge that he is the sole owner of the Seized Firearms and that no other person or entity has an interest in the Seized Firearms.

n.   To complete any legal documents (including, but not limited to, an ATF Form 3400.1 – Abandonment) required for the transfer of title of the Seized Property to the United States.

THE USAO'S OBLIGATIONS

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

NATURE OF THE OFFENSE

5.   Defendant understands that for defendant to be guilty of the crime charged in the single-count information, that is, being a felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1), the following must be true: (1) defendant knowingly possessed a firearm and ammunition; (2) the firearm and ammunition had been shipped or transported from one state to another or between a foreign nation and the United States; (3) at the time defendant possessed the firearm and ammunition, defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) at the time defendant possessed the firearm and ammunition, defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

PENALTIES

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States

Code, Section 922(g)(1), is: 15 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.    Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States

citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

10.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On March 24, 2025, in Riverside County, within the Central District of California, defendant knowingly possessed a firearm and ammunition, namely: (1) a Springfield, model Hellcat Pro, 9 mm caliber semi-automatic pistol, bearing serial number BB179856, (2)

one hundred rounds of Black Hills Ammunition 5.56x45 mm caliber ammunition, (3) fifty rounds of Blazer .40 caliber ammunition, (4) twenty rounds of Ammo Inc. 9 mm caliber ammunition, (5) eleven rounds of Truelove & Maclean, Inc. 9 mm caliber ammunition, (6) one round of Armscor USA 9 mm caliber ammunition, (7) three rounds of Speer 9 mm caliber ammunition, (8) thirty-seven rounds of Fiocchi Ammunition .40 caliber ammunition; and (9) eighty rounds of Sellier & Bellot 9 mm caliber ammunition. Defendant also knowingly possessed two other AR-style pistols.  Those two other AR-style pistols were not marked with a serial number.

The aforementioned Springfield firearm and ammunition defendant possessed on March 24, 2025, were manufactured outside of the state of California, either in another state or another nation, and therefore either had been shipped or transported from one state to another or between a foreign nation and the United States before March 24, 2025.

At the time defendant possessed the aforementioned Springfield firearm and ammunition, defendant had previously been convicted of, and knew he had been convicted of, the following crimes punishable by imprisonment for a term exceeding one year:

    i.   Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, case number SA070764, on or about September 21, 2009;

    ii.  Burglary (three counts), in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, case number SA075884, on or about May 26, 2011; and

iii.   Felon in Possession of a Firearm, in violation of

California Penal Code Section 12021(a), in the Superior

Court for the State of California, County of Los Angeles,

case number SA075884, on or about May 26, 2011.

<u>SENTENCING FACTORS</u>

11.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:          14          U.S.S.G. § 2K2.1(a)(6)

3-7 Firearms                +2          U.S.S.G. § 2K2.1(b)(1)(A)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  For example, the parties currently disagree about the applicability of 2K2.1(b)(4)(B)(ii). Defendant understands that defendant's offense level could be

10

increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2, an armed career criminal under U.S.S.G. §§ 4B1.4 and 18 U.S.C. § 924(e), or if defendant has additional prior conviction(s) for either a crime of violence or a controlled substance offense under U.S.S.G. § 2K2.1.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

13.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.  The right to persist in a plea of not guilty.

b.  The right to a speedy and public trial by jury.

c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.  The right to confront and cross-examine witnesses against defendant.

11

f.   The right to testify and to present evidence in opposition to the charge, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

16.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17.   Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 17 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the

12

constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

18.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

19.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above, and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 17 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

1

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

2    20.  Defendant agrees that if, after entering a guilty plea

3 pursuant to this agreement, defendant seeks to withdraw and succeeds

4 in withdrawing defendant's guilty plea on any basis other than a

5 claim and finding that entry into this plea agreement was

6 involuntary, then (a) the USAO will be relieved of all of its

7 obligations under this agreement; and (b) should the USAO choose to

8 pursue any charge that was either dismissed or not filed as a result

9 of this agreement, then (i) any applicable statute of limitations

10 will be tolled between the date of defendant's signing of this

11 agreement and the filing commencing any such action; and

12 (ii) defendant waives and gives up all defenses based on the statute

13 of limitations, any claim of pre-indictment delay, or any speedy

14 trial claim with respect to any such action, except to the extent

15 that such defenses existed as of the date of defendant's signing this

16 agreement.

17

<u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

18    21.  Defendant agrees that if the count of conviction is

19 vacated, reversed, or set aside, both the USAO and defendant will be

20 released from all their obligations under this agreement.

21

<u>EFFECTIVE DATE OF AGREEMENT</u>

22    22.  This agreement is effective upon signature and execution of

23 all required certifications by defendant, defendant's counsel, and an

24 Assistant United States Attorney.

25

<u>BREACH OF AGREEMENT</u>

26    23.  Defendant agrees that if defendant, at any time after the

27 signature of this agreement and execution of all required

28 certifications by defendant, defendant's counsel, and an Assistant

United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

24.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action

against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

25. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

26. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 17 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this

paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

27. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

28. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

\\

\\

1            PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2          29.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    BILAL A. ESSAYLI
     United States Attorney

9
                                             4/14/2025
10   _____         _____
     CAMERON C. VANDERWALL               Date
11   Assistant United States Attorney

12   _____         _____
     BYRON BRET BONTY                    Date
13   Defendant

14                                           4/11/2025
     _____         _____
15   CALEB MASON                         Date
     Attorney for Defendant BYRON BRET
     BONTY

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    18

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     _____
BYRON BRET BONTY                      Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am BYRON BRET BONTY's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty plea pursuant to this agreement.

_____          4/11/2025
CALEB MASON                              _____
Attorney for Defendant BYRON BRET         Date
BONTY

# EXHIBIT A

1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9               FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,              CR

11            Plaintiff,                    I N F O R M A T I O N

12            v.                            [18 U.S.C. § 922(g)(1): Prohibited
                                            Person in Possession of Firearm
13   BYRON BRET BONTY,                      and Ammunition; 18 U.S.C.
                                            § 924(d)(1) and 28 U.S.C.
14            Defendant.                    § 2461(c): Criminal Forfeiture]

15

16        The United States Attorney charges:

17                          18 U.S.C. § 922(g)(1)

18        On or about March 24, 2025, in Los Angeles County, within the

19   Central District of California, defendant BYRON BONTY, knowingly

20   possessed the following firearm and ammunition, each in and affecting

21   interstate and foreign commerce:

22        1.   a Springfield, model Hellcat Pro, 9mm caliber semi-

23   automatic pistol, bearing serial number BB179856;

24        2.   one hundred rounds of Black Hills Ammunition 5.56x45mm

25   caliber ammunition;

26        3.   fifty rounds of Blazer .40 caliber ammunition;

27        4.   twenty rounds of Ammo Inc. 9mm caliber ammunition;

28

5.    eleven rounds of Truelove & Maclean, Inc. 9mm caliber ammunition;

6.    one round of Armscor USA 9mm caliber ammunition;

7.    three rounds of Speer 9mm caliber ammunition;

8.    thirty-seven rounds of Fiocchi Ammunition .40 caliber ammunition; and

9.    eighty rounds of Sellier & Bellot 9mm caliber ammunition.

Defendant BONTY possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, punishable by a term of imprisonment exceeding one year:

1.    Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, case number SA070764, on or about September 21, 2009;

2.    Burglary (three counts), in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, case number SA075884, on or about May 26, 2011; and

3.    Felon in Possession of a Firearm, in violation of California Penal Code Section 12021(a), in the Superior Court for the State of California, County of Los Angeles, case number SA075884, on or about May 26, 2011.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in this Information.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)    All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b)    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

//

3

1  substantially diminished in value; or (e) has been commingled with

2  other property that cannot be divided without difficulty.

3

4                                      BILAL A. ESSAYLI
                                       United States Attorney

5

6

7                                      LINDSEY GREER DOTSON
                                       Assistant United States Attorney

8                                      Chief, Criminal Division

9                                      MIRI SONG
                                       Assistant United States Attorney

10                                     Domestic Security and Immigration
                                       Crimes Section

11

12                                     CAMERON C. VANDERWALL
                                       Assistant United States Attorney

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, **Mercedes Romero**, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**PLEA AGREEMENT FOR DEFENDANT BYRON BRET BONTY**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☐ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By hand delivery, addressed as follows:

☐ By facsimile, as follows:

☒ Via email, as follows:

☐ By Federal Express, as follows:

**cmason@werksmanjackson.com**

This Certificate is executed on **April 14, 2025**, at Los Angeles, California.  I certify under penalty of perjury that the foregoing is true and correct.

Mercedes Romero
Legal Assistant